[PHILADELPHIA, JANUARY 14th, 1839.]

## DANIEL *against* BUSS.

IN ERROR.

Under the 12th section of the act of 20th March, 1810, a return to an execution by a constable of " no goods," is an insufficient return; unless made at the instance of the plaintiff, for the purpose of proceeding on a transcript; and although such return be entered by the justice upon his docket, it will not discharge the constable from liability to the plaintiff, if it appear that the defendant in the execution might have been arrested.

ERROR to the Court of Common Pleas of Northampton County.

Adam Daniel, the plaintiff in error, brought suit on the 30th of March, 1833, before John Hartzell, Esq., a justice of the peace, against one Jacob Luch, and obtained a judgment therein on the 5th of April following, for $65. An execution was issued on this judgment on the 26th of April, 1833, and delivered by the justice to Elias Hummel, the constable of Lower Nazareth township, who, on the 18th of May, returned it to the justice, with the following endorsement: " May 15th, 1833. Const. Hummel returns execution. No goods:" which return was entered by the justice on his docket. Elias Hummel afterwards died; and this action was brought against his administrator, to recover the amount of the execution, for falsely returning " no goods," and not arresting the body of Luch.

On the trial of the cause in the Court below, the plaintiff proved the foregoing facts, and also that Luch, the defendant in the execution, was in the township, and at home, during the time that the constable had the execution in his hands.

Judge BANKS, after stating the facts, charged the jury in substance as follows:

" Hummell the constable died about three years ago and this suit is now brought against his administrator to recover the amount of the execution, because as it is said the constable did not on or before the return day thereof make a return to the execution which was sufficient in law. It is not alleged that the return was a false one, but

(Daniel v. Buss.)

that it was not sufficient in law; but who is to judge of that sufficiency? Here the return was made within the time prescribed by law, that is before the return day. This return was made to the justice, who received the same with the execution and entered it on his docket. This proves that the justice deemed the return sufficient. If he had not deemed it sufficient he should not, and would not have received it. In that case he should have refused to receive it and then the constable would have made further efforts to execute the writ or make some other return. It is only in case of a false return, or when the constable does not produce the plaintiff's receipt on the return day, or make such other return as may be deemed sufficient by the justice, that the justice is authorised to issue process against the constable. A justice has some control over his own process—he may in some cases supersede it. This return was legal so far as to authorise execution in a Court on a transcript filed, and in such case is the only return that can be made. We do not know that a transcript was filed in the case. It rather appears that none was filed. The return made is one that is in certain cases legal. In this case the justice having received the execution and return before the return day shows that he deemed the return sufficient; and therefore the plaintiff is not entitled to recover."

The plaintiff's counsel excepted to this charge, and on the return of a writ of error from this Court, filed the following exceptions.

" 1. That the Court erred in so much of their charge as instructed the jury, that the return to the justice was sufficient to discharge the constable.

2. So much of the charge as instructs the jury, that the receipt of the execution by the justice discharged the constable, and that the justice was the judge of the sufficiency thereof in law."

Mr. Porter, for the plaintiff in error, referred to the act of 20th March, 1810, § 12, and cited Amey v. Kennedy, (Ashmead, 161.)

Mr. Ihrie, contra, cited Sherman v. Pfoutz, (1 Penn. Rep. 61.) Sherby v. Fisher, (2 Rawle, 147.) Shaffer v. M'Namee, (13 Serg. & Rawle, 44.)

The opinion of the Court was delivered by

Sergeant, J.—This suit was brought against the administrator of a constable, to recover the amount of an execution placed in the hands of the constable in his lifetime, to which the plaintiff alleges he did not make a sufficient return on or before the return day, agreeably to the 12th section of the act of assembly of the 20th March, 1810. The return actually made was " no goods." This

(Daniel *v.* Buss.)

return was not made at the instance of the plaintiff for the purpose of proceeding on a transcript, and it was therefore insufficient, because it said nothing as to the body of the defendant in the execution, which, by the command of the writ, the constable was directed to take into custody, and commit to gaol. But the defendant below contended, and the Court instructed the jury, that as the justice had received the constable's return and entered it on his docket, this showed that the justice deemed the return sufficient, and therefore the plaintiff was not entitled to recover.

This question depends on the proper construction of the 12th section of the act of 20th March, 1810, which provides, that on the delivery of an execution to any constable, an account shall be stated in the docket of the justice, and also on the back of the execution, of the debt, interest, and costs, from which the constable shall not be discharged but by producing to the justice, on or before the return day of the execution, the receipt of the plaintiff, or such other return as may be sufficient in law; and in case of a false return, or in case he does not produce the plaintiff's receipt on the return day, or make such other return as may be deemed sufficient by the justice, he shall issue a summons, &c.

It would, we think, be going too far to hold that the mere acceptance of the constable's return by the justice, and entry of it on his docket, should preclude the plaintiff from alleging the insufficiency of the return. These are but clerical acts, performed by the justice in the usual course of business, and not of themselves indicating any examination of the sufficiency of the return, or expressing an opinion upon it. The act of assembly, in the latter part of the clause, seems to contemplate a determination of the point by the justice—something showing that he had examined the return, and deemed it sufficient. As the act entrusts the justice with this judicial power, it presumes he will inquire into the matter and expressly determine it, and not leave his decision to be inferred from doubtful circumstances. Regularly, on a matter affecting the rights of a party he ought to be heard or have notice; or if these do not appear, there ought to be some judicial decision from which they may be inferred. We think there was error in the Court below on this point, and that the judgment, for this reason, ought to be reversed.

Judgment reversed.